**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DYONDRA D. GLASPY, | No. 17-35960 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00013-JLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 5, 2019 **

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

Dyondra Glaspy appeals the district court's order affirming the Social

Security Administration's denial of disability benefits. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's decision for substantial evidence or legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). We affirm.

The ALJ properly assessed physical residual functional capacity by determining how long Glaspy could perform physical functions, including sitting, in an eight hour day. *See* 20 C.F.R. § 404.1545. The regulations do not require that the ALJ incorporate Americans with Disabilities Act (ADA) accommodations into the assessment. *Id.* Nor do the regulations require that the ALJ consider reasonable accommodation to determine whether work exists in the national economy at step five of the sequential evaluation. *Id.* § 404.1566. The ALJ properly applied the law by holding that ADA accommodation was not relevant to determine whether Glaspy could perform other work at step five of the sequential evaluation. *Id.; Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) (contrasting the ADA with Social Security disability and explaining that the agency does not consider ADA reasonable accommodation when it determines disability); *Johnson v. Oregon*, 141 F.3d 1361, 1366 (9th Cir. 1988) (same); SSR 11-2P § D (1)(e), 2011 WL 4055665 (Sept. 12, 2011).[1]

**AFFIRMED.**

---

[1]Because this legal issue is dispositive, we decline to consider the alternative arguments made by Glaspy.

2